FLORA M. GARDNER *vs.* COHANNET MILLS.
ALEXANDER GARDNER *vs.* SAME.

Bristol.    March 6, 1896. — April 1, 1896.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Personal Injuries to Minor — Law and Fact — Due Care — Negligence.*

If an intelligent minor fourteen years and eight months old was, as matter of law, negligent when injured while cleaning the running gear of a mule carriage in the mill of his employer, an action will not lie to recover for the injuries.

TWO ACTIONS OF TORT. The first case was for personal injuries occasioned to the plaintiff, a minor, while in the defendant's employ, and the second case was by her father for loss of services and expenses resulting from the injuries. Trial in the Superior Court, before *Braley*, J., who, at the close of the evidence, at the request of the defendant, directed the jury to return verdicts for the defendant; and the plaintiffs alleged exceptions.

*F. V. Fuller*, for the plaintiffs.

*H. M. Knowlton*, for the defendant.

BARKER, J.    In order to do her work in cleaning the running gear of a mule carriage as she testified she was taught to do it,

the minor plaintiff had to kneel upon the floor, facing a long box which slowly moved upon wheels back and forth in front of her, for a distance of five feet and an inch, with a short stop between each movement. The box had the same movements on each trip, and each whole trip out and back occupied about fifteen seconds. Upon every trip the box came toward her at the same rate of motion, and stopped in the same place. The only danger to which her position exposed her was that of being struck by the box, if she placed her head where the box would come. It follows from her own testimony that she had taken the position which she must take to do the work safely many times in each of the six weeks she had been at work. Besides this, the box had made its uniform trips and stoppages many thousands of times while she was at work supplying roving to the machine, and so placed that the movements of the box were open to her observation. She was an intelligent child, fourteen years and eight months of age. She admitted that she knew how fast the box moved, and how far it came, and it was conceded that the machine was in good order and the place well lighted. There was no contention that any unusual circumstance occurred to confuse her, or to distract her attention, nor that there was not ample room for her to take a safe place in which to do the work, nor that the place where she knelt was not of her own free selection. As she was kneeling facing the approaching box, and awaiting its coming, she was struck by it upon her forehead. We think it a matter of law that in allowing herself to be so struck she was negligent, and that the verdicts for the defendant were rightly ordered.

*Exceptions overruled.*